## (May 5, 1966)

■ ROY DOLINER v. EASTERN CAN CO., INC., et al.— Motions for reargument granted. On reargument the court adheres to its original decision. It was permissible for the defendant bank, acting as transfer agent for the company, to delay transferring the stock while it investigated the claimed transfer disability. But such investigation had to be diligently conducted, and it was not. On the trial it will not be open to defendants to reargue the propriety of the indefinite refusal to transfer, or even for an absolute 30-day period, that issue having necessarily been concluded adversely to them. However, this court does not now determine the precise time at which the bank's refusal became wrongful. The reasonable time, after which it was incumbent on the transfer agent bank to complete the transfer, and as it may affect the amount of the damages is for the trial court to determine, as reserved by the prior decision and order at Special Term. Evidence on those issues may appropriately be submitted at trial. That branch of the motions requesting leave to appeal to the Court of Appeals is denied. Concur — Breitel, J. P., Rabin, McNally and Eager, JJ.

■ PHILIP MYER v. SHIELDS & COMPANY.— Motion for leave to appeal to the Court of Appeals granted on condition that the defendant-respondent stipulates to judgment absolute. (CPLR 5602, subd. [b], par. 2, cl. [iii]). Settle order on notice. Concur — Botein, P. J., McNally, Stevens and Bastow, JJ.

■ THE PEOPLE OF THE STATE OF NEW YORK v. WILLIE RICHARDSON and CHARLES WADE.— Motion for resettlement granted so as to provide that the judgment is reversed solely on the law. Submit resettled order on notice. Concur — Botein, P. J., Breitel, Rabin, Eager and Bastow, JJ.

■ WEST, WEIR & BARTEL, INC. v. MARY CARTER PAINT COMPANY.— Motion for leave to appeal to the Court of Appeals granted and the following question of law certified: "Is this Court's order, modifying the judgment of the trial court in respect to the applicable measure of damages, correct?" The order shall also state, pursuant to CPLR 5713, that the findings of fact were variously affirmed and modified as indicated in the opinion of this court. Settle order on notice. Concur — Breitel, J. P., Rabin, Stevens and Eager, JJ.